UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60231-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RENATO VICENTE DOS SANTOS,

    Defendant.
_____/

FILED by _____ D.C.
OCT 17 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for a final probable cause hearing on a petition for violations of supervised release. The Defendant, RENATO VICENTE DOS SANTOS, appeared before the Court on October 14, 2011, represented by Lourdes Gonzales, Esquire. The Government was represented by AUSA Laurence Bardfeld. The Defendant is on supervised release from a passport fraud conviction. The Defendant is charged with 2 violations: (1) a violation of law for the offense of driving under the influence of alcohol or drugs on March 20, 2011; and (2) a violation of law for the offense of Driving while License Suspended on August 18, 2011. The defendant admitted to violation (2). The Court finds that the Defendant knowingly, intelligently, and voluntarily admits to violating his supervised release regarding violation (2). The Court also finds that the Defendant knowingly, intelligently, and voluntarily waives his rights to a final probable cause hearing regarding violation (2).

A hearing was held on violation (1). The Court makes the following findings of fact:

Florida Highway Patrol Trooper Justin Menard testified that he investigated a March 20, 2011, 3:40 a.m. crash involving the Defendant's vehicle and another on I95. After being called

to the scene by a call from the Defendant, the Trooper concluded that the Defendant engaged in an improper lane change when he struck the left barrier and then veered to the right across I95 and struck the other vehicle. The trooper also smelled alcohol on the Defendant's breath and observed that he had bloodshot eyes, so he called a DUI Trooper to the scene.

FHP Trooper Deanna Martinez from the FHP DUI squad responded and also observed alcohol on the Defendant's breath and bloodshot eyes. She did not observe any other signs of drinking, but asked the Defendant to perform a roadside sobriety test which he refused, even after being advised that his refusal could be used against him. She arrested him and took him to the station. At 5:16 a.m. the Defendant refused a Breathalyzer test, even after he was advised that it would mean at least a one year suspension of his driver's license. His refusal was videotaped (D Exh. 1).

The Defendant testified that he drank 2-3 beers in the preceding afternoon at a barbeque party with friends but stopped drinking alcohol at about 5 p.m. His wife and child left at about 8 p.m. and he left at about 3 a.m. He admitted that he hit the other car on I95. He asserted that he was not asked to perform a roadside sobriety test. He claimed that he refused the Breathalyzer test because he was on supervised release and he was afraid.

This Court credits the testimony of the FHP troopers. This Court finds that the testimony of the Defendant was not credible. This Court finds that the Defendant's testimony was not credible.

The section pertaining to revocations of supervised release requires the court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See*

2

*Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz,* 372 F.2d 562, 566 (3d Cir. 2004) (stating, "[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

This Court finds by a preponderance of the evidence that the Defendant was driving under the influence of alcohol or drugs on March 20, 2011, based upon the following factors: (1) the Defendant lost control of his vehicle at 3:40 a.m. and crashed into another vehicle; (2) the Defendant was observed by 2 FHP troopers to have alcohol on his breath and bloodshot eyes; (3) the Defendant admitted that he had been drinking 2-3 beers more than 8 hours earlier than the crash but still refused a roadside sobriety test even though he was advised that it would be used against him; (4) the Defendant refused a Breathalyzer test approximately 12 hours after his last admitted alcohol consumption even though he was advised that his license would be suspended for at least one year.

This Court **RECOMMENDS** that based upon the above facts that the District Court find the Defendant guilty of supervised release violations (1) and (2). The Court also recommends that this matter be set down for sentencing before the District Court.

The Clerk is **ORDERED** to set this matter before the sentencing calendar of Senior

United States District Court Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Court Judge Daniel T.K. Hurley, within fourteen days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17 day of October, 2011.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
Honorable Daniel T.K. Hurley, Senior United States District Judge
Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court